CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

N THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS  2013 MAR -4  PM 3:38
DALLAS DIVISION

DEPUTY CLERK _____

| | |
|---|---|
| Melvin Roberson § § § Plaintiff § § V. § LEAR CORPORATION AND § UA W Local 129 § § Defendant(s) § | 3-13CV0954-N Civil Action No. _____ |

## PLAINTIFF'S APPLICATION IN SUPPORT
## MOTION TO VACATE ARBITRATION AWARD

Plaintiff Melvin Roberson asks the Court to vacate the arbitration award in this case.

### A. INTRODUCTION

1. Plaintiff is Melvin Roberson; defendant is Lear Corporation and UAW Local 129.

2. The parties submitted the dispute to arbitration. On August 22, 2012, at The Crown Plaza, Arlington, Texas, an arbitration hearing was held. On November 26, 2012, the arbitrator issued an award in favor of Lear Corporation and granted Denial of Plaintiff's Grievance.

3. Plaintiff files this motion to vacate the arbitration award.

### B. JURISDICTION

4. The court has jurisdiction over the law suit under 28 U.S.C § 1332(a) because the plaintiff David L. James and defendants Lear Corporation and defendant International Union, United Automobile Aerospace and Agricultural Implement Workers of America and International (UAW) are residents of different states and the amount in controversy exceeds $75, 000.00 in interest and cost.

Additionally, the court has jurisdiction pursuant to section 301 of the Labor Management Relations Act, 29 U.S.C. Secs. 141-87 ("LMRA"); plaintiff David Lee James and defendant's International Union, United Automobile Aerospace and Agricultural Implement Workers of America and International (UAW) and Lear Corporation are resident of deferent states and jurisdictions.

### C. VENUE

5. Venue is proper in this district under 28 U.S.C. §1391(a)(1)§1391(b)(1) because defendant Lear Corporation and UAW Local 129 resides this district, because a substantial part of the events or omissions giving rise to this claim occurred in this district.

### B. ARGUMENT

6. A motion to vacate an arbitration award must be served within three months after the award is filed or delivered. 9 U.S.C. §12. In this case, the award was received on or about December 7, 2012, and plaintiff served this motion on March 4, 2013. Therefore, this motion was timely served.

7. The arbitration award should be vacated because of bias or misconduct. 9 U.S.C. §10(a). Specifically, the Court should vacate the arbitration award for the following reasons:

   a. The award was procured by corruption, fraud, or undue means. 9 U.S.C. §10(a)(1); *MidAmerican Energy Co. v. Int'l Bhd. Of Elec. Workers Local 499*, 345 F.3d 616, 622-23 (8th Cir. 2003). Arbitrator Fagan and representative J.B. Brown of UAW agreed to have plaintiff's National Labor Relations Board complaints dismissed in order to facilitate a biased and apparently corrupt Arbitration proceeding. **See Exhibit "A".**

   b. There is evidence of partiality or corruption by the arbitrator. 9 U.S.C. §10(a)(2); *Commonwealth Coatings Corp. v. Cont'l Cas. Co.*, 393 U.S. 145, 147 (1968). Arbitrator Fagan and representative J.B. Brown of UAW agreed to have plaintiff's National Labor Relations Board complaints dismissed in order to facilitate a biased and apparently corrupt Arbitration proceeding. **See Exhibit "A".**

   c. The arbitrator was guilty of misconduct of misbehavior that prejudiced the rights of Plaintiff. 9 U.S.C. §10(a)(3); *Tempo Shain Corp. v. Bertek, Inc.*, 120 F.3d 16, 19-20 (2d Cir. 1997). Arbitrator Fagan utilized clearly inadmissible evidence of plaintiff's prior employment history with Lear that was "more prejudicial than

probative". **See Exhibit "B".**

    d.    The arbitrator exceeded its powers or executed them so imperfectly that there was no mutual, final, and definite award. 9 U.S.C. §10(a)(4); see *Stolt-Nielsen S.A. v. AnimalFeeds, Int'l Corp.*, ___ U.S.___, 130 S. Ct. 1758, 1767-68 (2010); *Timken Co. v. Local Union No. 1123, United Steelworkers*, 482 F.2d 1012, 1014-15 (6thCir. 1973); *Orion Shipping & Trading Co. v. E. States Petroleum Corp. of Pan., S.A.*, 312 F2d 299, 300-01 (2d Cir. 1963). Arbitrator erroneously interpreted the use of inflammatory and incomplete testimony in issues in order to award against plaintiff in violation of the arbitration proceedings. **See Exhibit "B".**

### C. ATTACHMENTS

8.    In support of this motion to vacate, plaintiff includes documents in the attached exhibits, which is incorporated by reference. 9 U.S.C. §13.

Respectfully Submitted,

*Bruce B. McLeod III, Esq.*

By: /s/ Bruce B. McLeod III.Esq.
Bruce B. McLeod III. Esq.
Counsel for Defendant
DC Bar # 978256
1825 Market Center Blvd.
Suite 600-B
Dallas, Texas 75207
Phone: 214-760-1989
Facsimile: 214-760-1943

### CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing document has been served United Auto Workers Local 129, CRM 7011 3500 0002 0806 0319 at 3905 Broadway Ave Fort Worth,TX61173. Also Christopher Mazzoli Esq. at 1701 N. Market St. Suite 200 Dallas, TX 75202, CRM 7011 3500 0002 0806 0333 on the 4th day of March, 2013.

/s/ Bruce B. McLeod III. Esq
BRUCE B. MCLEOD III ESQ.

# EXHIBIT "A"

*Roberson*  *Protected by Attorney Client Privilege*
*Produced by Bruce B. McLeod III Esq.*



**Region 5**

**DALLAS AREA OFFICE**
1341 W. Mockingbird Ln, Suite 301W
Dallas, Texas 75247-6901



Phone: (214) 267-6550
Fax: (214) 267-6565

INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE & AGRICULTURAL IMPLEMENT WORKERS OF AMERICA - UAW

*Gary Jones*
Director
(Member, International Executive Board)

*Bob King*
President

*Dennis Williams*
Secretary- Treasurer

Certified 7011 3500 0000 4292 9377

December 3, 2012

Mr. Melvin Roberson
P. O. Box 200222
Arlington, TX  76006-0222

Re:    FMCS Case #12-0309-01868-3

Dear Melvin:

An arbitration was held on August 22, 2012 at the Crown Plaza Suites, 700 Avenue H East, Arlington, TX 76011, on your behalf.  The Arbitrator was Joseph J. Fagan.  A transcript was taken by Kendra Rowland, CSR No. 5500 of Atkinson-Baker, Inc., Court Reporters.

Arbitrator Fagan issued his decision on November 26, 2012 in which he <u>denied</u> the grievance.  I am enclosing a copy of the decision issued by Arbitrator Fagan.

If you have any questions, please let me know.

Sincerely,

J. B. Brown, Int'l. Representative
International Union, UAW

JB/jr/opeiu494aflcio

Alaska, Arizona, Arkansas, California, Colorado, Hawaii, Idaho, Kansas, Louisiana, Missouri, Nevada, New Mexico, Oklahoma, Oregon, Texas, Utah, Washington

Before
Joseph J. Fagan
Arbitrator

```
****************************************   )
In the Matter of Grievance Arbitration Between:  )
                Lear Corporation                 )
                      and                        )
                 UAW Local 129                   )
****************************************
```

FMCS #: 120309-01868-3, Discharge

**For the Company:**

Christopher Mazzoli, Attorney
Peter Camarata, VP Human Resources
Al Devore
Greg Nickels
Ryan Brueckner, Human Resource Director
Shane Luxton, Assistant Human Resource Director

**For the Union:**

Frank Inman, International Union Representative-Retired
J.B. Brown, International Union Representative
Maverick Gayden, Committee Chairperson
Melvin Roberson, Grievant

1

## Issue:

Was the termination of grievant, Melvin Roberson, for just cause? If not, what is the proper remedy?

## Jurisdiction:

The parties selected Joseph J. Fagan (hereinafter the "Arbitrator") from a list of arbitrators provided by the Federal Mediation and Conciliation Service (FMCS) to hear and decide the instant case. Lear Corporation, Arlington Plant (hereinafter the "Company") is located at 1501 E. Bardin Rd, Arlington, Texas 76018, and is represented by the United Automobile Aerospace and Agricultural Implement Workers of America, Local 129, UAW (hereinafter the "Union") located at 3905 Broadway Ave., Fort Worth, TX 76117. A hearing commenced at 9:00 AM CST, on August 22, 2012, at the Crown Plaza Suites, 700 Avenue H East, Arlington, TX 76011. A transcript was taken by Kendra Rowland, CSR No. 5500, of Atkinson-Baker, Inc. Court Reporters. All witnesses were sworn and all evidence was subject to cross examination. At the conclusion of testimony each of the parties requested to submit a brief. On September 9, 2012, a motion to supplement the record was received by the Arbitrator from the Company. The Union objected to the supplement being entered into the record, however, since final briefs had not been received the supplement was entered into the record. On October 22, 2012, final briefs were received via email and exchanged via email by the Arbitrator. The hearing was declared closed.

## Statement of Facts:

The dispute is being arbitrated under the provisions of the Collective Bargaining Agreement (hereinafter the "CBA") in effect from the period of April 5, 2009, to June 27, 2012. The parties stipulated at the hearing the grievance is properly before the Arbitrator. The Company, in a letter (Company #1) dated March 3, 2011, Melvin Roberson (hereinafter the "Grievant") was notified he was being terminated. The letter stated in part,

"...We find that you violated the following plant rules Shop Rule 8, 25, 30. As a result we are terminating your employment effective today." The Grievant, a fourteen (14) year employee, who is a present and past Union official, was involved in two (2) altercations with the same employee (Darrin Robertson) on Thursday, February 17, 2011.

There was testimony by Darrin Robertson (Tr. pp. 57). A conversation took place between him and the Grievant on February 15, 2011, in the Company parking lot concerning an overtime grievance. The grievance not only involved overtime but impacted Darren Robertson's breaks. He did not believe he was receiving his appropriate breaks, and that was his primary concern. Further, he believed the cause was the absence of the alternate committee person (C.C. Hanchett) from the work area. He stated she was always away on Union business, instead of in the work area.

Ryan Brueckner testified (Tr. pp. 149), the Grievant entered a meeting on February 16, 2012, and reported a fellow employee had followed him to the parking lot and had put his hands on him. When asked who the employee was he repeatedly declined to identify the employee. He said he would handle the situation himself. Union officials present at the meeting cautioned the Grievant about taking matters into his own hands. No one in the meeting would reveal the identity of the other employee. It is evident that all of the members of the Union committee knew the other employee was Darren Robertson.

On Thursday February 17, 2012, two (2) altercations took place between the Grievant and Darren Robertson approximately ten (10) to fifteen (15) minutes apart. The first altercation took place in front of the Union office that is located inside the plant; the second altercation took place in the plant work area by the "rail" (Company #6). Darren Robertson spoke with the Grievant on or about February 15, 2012, regarding what he considered his lack of breaks (Tr. pp. 57). He considered the problem was that his alternate committee person who had been absent from the line. The Grievant is a union committee person. If Darren Robertson had a grievance he would have had to speak to the Grievant concerning this matter. On February 17, 2012, Darren Robertson approached the Grievant outside of the Union office. Words were exchanged and the Grievant proceeded to grab Darren Robertson and put him in a choke hold of some sort. The Grievant's actions were witnessed by Warren Hawkins and also by others (Tr. pp. 24). There is no doubt from the arbitration testimony this altercation took place.

3

The second altercation took place on the plant floor (work area). It is unclear how the fight started but there is again no doubt from the arbitration testimony the fight took place. There was testimony reporting that the Grievant and Darren Robertson were rolling around on the floor fighting (Tr. pp. 36, 44, 52). A knife with an open blade was observed laying on the floor. No one saw who actually had the knife. There was no witness testimony regarding the actual stabbing. Both men were injured. The Grievant sustained a laceration to the head (Union #1) which required three (3) staples. Darren Robertson required eight (8) stitches (Company # 5) to close a knife wound to his shoulder.

The Assistant Human Resource Director, Shane Luxton, was in his office and heard a commotion on the plant floor (Tr. pp. 91), at approximately the same time C.C. Hanchett entered the office yelling that there was a fight. By the time he reaches the area where the fight took place both the Grievant and Darren Robertson had left the area. Shane Luxton observed a large pool of blood on the floor. Security was notified and the Arlington police were called. The knife involved was picked up off the floor by Warren Hawkins, the Union President, who tried to hand the knife to the Plant Manager. However, he would not take the knife (Tr. pp. 31). Both employees the Grievant and Darren Robertson were put on "notice", a term used to designate possible impending discipline. Both the Grievant and Darren Robertson were told to leave the property and not return. On February 17, 2011, the Grievant was issued a letter informing him he was suspended pending further investigation of the incident (Tr. pp. 139). On February 21, 2011, both the Grievant and Darren Robertson were sent a letter outlining two (2) options to submit their side of the story. They could participate in a conference call, with management and a union representative, or they could submit their statement in writing. The Grievant chose the latter, Darren Robertson chose the former. Management decided due to the severity of the incident, it would be prudent not to meet on plant property. Shane Luxton took several days to conclude his investigation. All the evidence was shared with the Union (Tr. pp. 132).

After the investigation was completed Ryan Brueckner reviewed both the evidence gathered and the witness's statements (Tr. pp. 167, 168), he made the decision to terminate both the Grievant and Darren Robertson.

**Relevant Contract Provisions:**

**Collective Bargaining Agreement**
**2009-2012**

*ARTICLE 3*
*Management Rights*
*Section 1: Sole Right to Manage Business*
*The Company retains the sole right to manage business, including the right to decide the number and location of plants, the machine and tool equipment, the products to be manufactured, the method of manufacturing, the schedule of production, the process manufacturing or assembling, together with designing, engineering, and the control of raw materials, semi-manufactured and finished parts which may be incorporated into the products manufactured; to maintain order and efficiency in its plant and operations, to make improvements, and set standards production, to hire, layoff, assign, transfer, and promote employees and to determine the starting and quitting time and the number of hours to be worked including the direction and implementation of Continuous Improvement; subject only to such regulations and restrictions governing the exercise of these rights as are expressly provided in this Agreement.*

*Section 2: Sole Right to Discipline for Cause*
*The Company retains the sole right to discipline and discharge employees for cause, provided that in the exercise of these rights it will not act wrongfully or unjustly or in violation of the terms of this Agreement.*

*Section 4: Shop Rules*
*The Company shall have the right to establish shop rules and policies from time to time that are not inconsistent with the provisions of this agreement. Such rules and policies will be prominently posted in the plant. Management will notify the Union before implementing changes in these rules or policies. The Union reserves the right to protest the application of these rules and policies through the grievance procedure.*

*Article 5*
*Grievance Procedure*

*Section 3: Arbitration*
*Arbitration shall be invoked by written notice to the other party of intention to arbitrate within the above specified time period. The party desiring arbitration shall notify the Federal Mediation and Conciliation Service (FMC) within ten (10) working days following the notice to arbitrate. It shall be referred to an arbitrator as follows: The FMC will provide a list of five (5) arbitrators. The Union and the Company may each delete two (2) names. The remaining name shall be the arbitrator for the matter. And the arbitrator's decision shall be final and binding on both parties.*

*Section 4: Arbitrators Fee*
*The fees and expenses of the arbitrator shall be shared equally by the parties. All other expenses shall be borne by the party incurring them.*

*Section 5: Power of Arbitrator*
*The Arbitrator shall not be empowered to add to, subtract from, or change any of the terms of this Agreement, any supplements or additions thereto, nor be empowered to order back pay for a period longer than thirty (30) days prior to the date of submission of the written grievance. The Arbitrator shall have jurisdiction only to interpret, apply and determine compliance with the provisions of this Agreement and to modify the degree of discipline imposed by the Company, insofar as the Arbitrator may deem necessary for the determination of the grievance appealed to them. The Arbitrator shall have no power to establish wage rates, work, or schedules. The Arbitrator shall have no power to substitute his/her discretion in cases where the Company is given sole discretion to act by this Agreement or any supplement or amendment thereto. In the event the Arbitrator decides they have no power to decide or rule on an issue, they shall so rule and the matter shall be referred back to the parties.*

*Section 10:*
*Disciplinary action determined to be inappropriate through the grievance procedure process will be removed from the employee's record.*

**Position of the Parties:**

**Company Position:**

Did the Company have just cause to discharge the Grievant, Melvin Roberson, for fighting in violation of shop rules?

**Union Position:**

Was the Grievant, Melvin Roberson, discharged for 'just cause' under the terms of the Agreement? If not, what is the proper remedy?

**Discussion:**

This Arbitrator believes the standards set forth by arbitrator Carroll Dougherty in his case <u>Enterprise Wire, 46 LA 359 (1966)</u> should be used as a guide to determine whether a company has just cause to discharge a grievant. These are widely accepted standards that arbitrators have applied to discipline cases for years. In the Enterprise Wire case, arbitrator Dougherty presents seven (7) questions that a company or employer, must answer in order to discipline or terminate an employee. An answer of "no" to any question means the company or employer does not have just cause to terminate or discipline the employee.

1. *Did the Employer provide the Grievant forewarning or foreknowledge of the possible or probable disciplinary consequences of the Grievant's conduct?*

7

During testimony the Company entered Joint Exhibit # 2, "General Work Rules". The Grievant's employment history acknowledges that he was counseled on numerous occasions concerning his nefarious behavior. The Grievant has been a union official a majority of the fourteen (14) years he has been employed at the Lear plant.

2. *Was the Employer's rule or managerial order reasonably related to (a) the orderly efficient and safe operation of the Employer's business and (b) the performance the Employer might properly expect from the employee?*

The Company has a duty to provide a safe and harassment free workplace for all employees.

3. *Did the Employer, before administering discipline to the Grievant, make an effort to discover whether the Grievant did in fact violate or disobey a rule or order of management?*

Shane Luxton, the Assistant Human Resource Manager, conducted the initial investigation. Ryan Brueckner, Human Resource Director, conducted the follow-up investigation and reviewed the facts of the incident. There is no doubt two (2) altercations took place which were in violation of the "General Work Rules".

4. *Was the Employer's investigation conducted fairly and objectively?*

"For a disinterested evaluation to be conducted, some management official other than the supervisor who imposed discipline is generally required". (<u>Just Cause The Seven Test</u>, 2nd edition, pp 230.) As stated in aforementioned 3, one would believe enough layers of management reviewed the disciplinary action.

5. *At the investigation did the "judge" obtain a preponderance of the competent evidence or proof that the Grievant was guilty as charged?*

The evidence was reviewed. Witness statements were taken, and again there was no disputing the two (2) altercations took place.

6. *Had the Employer applied its rules, orders and penalties evenhandedly and without discrimination to all employees?*

   There was testimony no other employee had been terminated for fighting, although one case was currently in the grievance procedure. There was no testimony an altercation of this severity had ever taken place in the plant.

7. *Was the degree of discipline administered by the Employer in a particular case reasonably related to (a) the seriousness of the Grievant's proven offense and (b) the record of the Grievant's service to the Employer?*

   The Grievant was a fourteen (14) year employee, with no evidence or testimony at the hearing that his job skills were less than expected by the Company. However, the Grievant has a history of being confrontational with both management and other employees.

A short discussion may be found in <u>Remedies in Arbitration</u> by Marvin Hill, Jr. and Anthony V. Sinicropi, 1981. A complete discussion on the topic may be found in <u>Just Cause The Seven Tests</u> by Adolph Koven and Susan Smith, 1992.

There are other issues the Union maintains should be taken into consideration in the termination of the Grievant. The Union maintains the Company did not conduct a proper investigation. A proper investigation should take place face to face; therefore, the Grievant was denied due process. There was no testimony any union official made a request for a face to face meeting. The Grievant's due process was not compromised by the methods used to investigate the incident.

The fact remains two (2) altercations took place February 17, 2011, at the Lear plant. The second altercation resulted in injuries requiring hospital treatment for both employees. The Grievant initiated the first altercation, and actively participated in the second altercation. Workplace violence has become a serious issue; companies have a duty to provide a violence free workplace for all employees.

**Award:**

Therefore, for the reasons cited above the grievance is denied.

Sincerely,

*Joseph J Fagan*
Joseph J. Fagan
Arbitrator
Issued this 26th day of November, 2012

# EXHIBIT "B"

*Roberson*

*Protected by Attorney Client Privilege*
*Produced by Bruce B. McLeod III Esq.*

**UNITED STATES GOVERNMENT**
**NATIONAL LABOR RELATIONS BOARD**

REGION 16
819 TAYLOR STREET, ROOM 8A24
FORT WORTH, TX 76102-6107

Agency Website: www.nlrb.gov
Telephone: (817)978-2921
Fax: (817)978-2928

February 26, 2013

MR. MELVIN ROBERSON, III
POST OFFICE BOX 200222
ARLINGTON, TX 76006-0222

Re:  Lear Corporation
     Case No. 16-CA-027476

DEAR MR. ROBERSON:

We have carefully investigated and considered your charge that **LEAR CORPORATION** has violated the National Labor Relations Act.

**Decision to Dismiss:** Based on that investigation, I have decided to dismiss your charge because there is insufficient evidence to establish a violation of the Act.

**Your Right to Appeal:** You may appeal my decision to the General Counsel of the National Labor Relations Board, through the Office of Appeals. If you appeal, you may use the enclosed Appeal Form, which is also available at www.nlrb.gov. However, you are encouraged to also submit a complete statement of the facts and reasons why you believe my decision to dismiss your charge was incorrect.

**Means of Filing:** An appeal may be filed electronically, by mail, or by delivery service. Filing an appeal electronically is preferred but not required. The appeal MAY NOT be filed by fax. To file an appeal electronically, go to the Agency's website at www.nlrb.gov, click on **E-File Documents**, enter the NLRB Case Number, and follow the detailed instructions. To file an appeal by mail or delivery service, address the appeal to the **General Counsel at the National Labor Relations Board, Attn: Office of Appeals, 1099 14th Street, N.W., Washington D.C. 20570-0001**. Unless filed electronically, a copy of the appeal should also be sent to me.

**Appeal Due Date:** The appeal is due on **March 12, 2013**. If you file the appeal electronically, we will consider it timely filed if you send the appeal together with any other documents you want us to consider through the Agency's website so the transmission is completed by **no later than 11:59 p.m. Eastern Time** on the due date. If you mail the appeal or send it by a delivery service, it must be received by the **Office of Appeals in Washington, D.C.** by the close of business at **5:00 p.m. Eastern Time** or be postmarked or given to the delivery service no later than March 11, 2013.

**Extension of Time to File Appeal:** Upon good cause shown, the General Counsel may grant you an extension of time to file the appeal. A request for an extension of time may be filed electronically, by fax, by mail, or by delivery service. To file electronically, go to www.nlrb.gov, click on **E-File Documents**, enter the NLRB Case Number and follow the detailed instructions. The fax number is (202)273-4283. A request for an extension of time to

Lear Corporation  -2-  February 26, 2013
Case 16-CA-027476

file an appeal **must be received on or before March 12, 2013.** A request for an extension of time that is mailed or given to the delivery service and is postmarked or delivered to the service before the appeal due date but received after the appeal due date will be rejected as untimely. Unless filed electronically, a copy of any request for extension of time should be sent to me.

**Confidentiality:** We will not honor any claim of confidentiality or privilege or any limitations on our use of appeal statements or supporting evidence beyond those prescribed by the Federal Records Act and the Freedom of Information Act (FOIA). Thus, we may disclose an appeal statement to a party upon request during the processing of the appeal. If the appeal is successful, any statement or material submitted with the appeal may be introduced as evidence at a hearing before an administrative law judge. Because the Federal Records Act requires us to keep copies of case handling documents for some years after a case closes, we may be required by the FOIA to disclose those documents absent an applicable exemption such as those that protect confidential sources, commercial/financial information, or personal privacy interests.

Very truly yours,

Martha Kinard

MARTHA KINARD
REGIONAL DIRECTOR

Enclosure

cc   GENERAL COUNSEL
     OFFICE OF APPEALS
     FRANKLIN COURT BUILDING
     NATIONAL LABOR RELATIONS BOARD
     1099 14TH STREET, NW
     WASHINGTON, DC 20570

     MR. CHRIS MAZZOLI, ESQ.
     BODMAN, L.L.P.
     201 W. BIG BEAVER ROAD, SUITE 500
     TROY, MI 48084-4160

     MR. SHANE LUXTON,
     LABOR RELATIONS MANAGER
     LEAR CORPORATION
     1501 E. BARDIN ROAD
     ARLINGTON, TX 76018-2100

JS 44 (Rev. 09/11)

# CIVIL COVER SHEET

The JS 44 civil coversheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States inSeptember 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**RECEIVED**
**CLERK, U.S. DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**

**I. (a) PLAINTIFFS**
Melvin Roberson

ORIGINAL

**DEFENDANTS**

**(b)** County of Residence of First Listed Plaintiff: Tarrant
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Tarrant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**3-13CV0954-N**

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Bruce B. McLeod III P.C.
1825 Market Center 600-B Dal TX75207

Attorneys *(If Known)*
Christopher Mazzoli
1701 Market St. #200 Dallas TX 75202

---

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question *(U.S. Government Not a Party)*
☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff)*
*(For Diversity Cases Only)* and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

---

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☒ 720 Labor/Mgmt. Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Med. Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | **Habeas Corpus:** | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee (Prisoner Petition) | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

---

**V. ORIGIN** *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district *(specify)*
☐ 6 Multidistrict Litigation

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 USC 1332A and USC 141-87 (LMRA)
Brief description of cause: Application Vacate Arbitration

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

**VIII. RELATED CASE(S) PENDING OR CLOSED:** *(See instructions)*
JUDGE _____
DOCKET NUMBER _____

DATE: 03/04/2013
SIGNATURE OF ATTORNEY OF RECORD: Bruce B. McLeod

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____